# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 07-CR-0018-001-CVE** |
| | ) | **(09-CV-0714-CVE-TLW)** |
| DEVIN LEE MELCHER, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant Devin Lee Melcher's pro se motion to vacate, set aside,

or correct sentence under 28 U.S.C. § 2255 (Dkt. # 207).  Section 2255 provides that "[a] prisoner

in custody under sentence of a court established by Act of Congress claiming the right to be released

upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

States . . . may move the court which imposed the sentence to vacate, set aside or correct the

sentence."  Melcher argues that his sentence should be vacated and his conviction set aside and/or

his sentence should be corrected based on ineffective assistance of counsel.

## I.

On May 11, 2007, a six-count third superseding indictment (Dkt. # 78) was returned against

Melcher and three co-defendants.  Count one charged Melcher with conspiracy to distribute

methamphetamine and marijuana. Dkt. # 78, at 1-2.  On August 14, 2007, Melcher pled guilty to

count one of the third superseding indictment, pursuant to a written plea agreement.  Dkt. ## 137,

137-3.  In the plea agreement, the United States agreed to dismiss the remaining counts in the third

superseding indictment, and agreed to recommend a two-level reduction in offense level pursuant

to United States Sentencing Guideline § 3E1.1, "provided the defendant clearly demonstrates acceptance of responsibility." Dkt. # 137-3, at 11-12. The plea agreement contained the following relevant representations by Melcher:

1. "The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code."[1] Dkt. # 137-3, at 5.

2. "[D]efendant acknowledges that under 21 U.S.C. § 846 the minimum mandatory statutory sentence is ten years imprisonment, the maximum statutory sentence is life imprisonment and a fine of not more than $4,000,000." Id. at 12.

3. "The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." Id. at 14.

4. "No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set fort in this Plea Agreement, and none will be entered into unless executed in writing and signed by all of the parties." Id. at 17.

5. "I have read this Agreement and reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter." Id. at 19.

Melcher also signed a "petition to enter plea of guilty," Dkt. # 137-2,  which contained the following relevant representations by Melcher:

1. "In deciding to enter my plea of guilty I rely on the following advice from my attorney. My attorney and I have discussed the facts of my case. I believe that based upon the facts of the case and my attorney's advice that it is in my best interests to

---

[1] Melcher initialed pages 1-16 of the plea agreement, and signed pages 18 and 19. Dkt. # 137-3.

enter into a plea of guilty.  My attorney has explained the Federal Sentencing Guidelines with [sic] me.  I understand that her calculation is not the sentence I will receive.  I understand that the Court and only the Court will make the final determination of my sentence."  Id. at 3.

2.  "My attorney informed me that the plea of "GUILTY" could subject me to a maximum punishment, which as provided by law is a minimum of ten (10) years & up to life imprisonment and/or a fine of $4,000,000.00."[2]  Id. at 4.

3.  "My mind is clear.  I am not under the influence of alcohol or drugs, and I am not under a doctor's care.  The only drugs, medicine or pills that I took within the past seven (7) days are:  None."  Id. at  5.

4.  "I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition."  Id.

5.  "I have been advised by counsel that I will be sentenced pursuant to the advisory sentencing guidelines procedure established by Title 18 U.S.C. 3553 et seq.  I understand that sentencing is a matter left exclusively in the province of the Court; and I understand that the sentence imposed by the Court may be within the guideline table range provided by law, or for good cause stated the Court may depart there from after a review of all relevant facts and circumstances of my case have been considered by the Court, or the Court may impose a non-guideline sentence."  Id. at 6.

6.  "I declare that no officer or agent of any branch of government . . . has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of lenience if I plead "GUILTY" except as follows:  None.  If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that (s)he had no authority to do so."  Id.

7.  "I know that the sentence I will receive is solely a matter within the control of the Judge.  I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose."  Id.

8.  "I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and the answers which appear in every part of this petition are true and correct."  Id. at 7.

---

[2]     Melcher and his counsel initialed this paragraph.  Dkt. # 137-2, at 4.

The plea petition also contained a "certificate of counsel," which contained the following

relevant representations by Melcher's counsel, Beverly A. Atteberry:

> 1.  "I have further explained to my client the provisions of advisory guideline
> sentencing as established by Title 18 U.S.C. 3553 et seq.  Although I have discussed
> with my client the maximum sentence imposed for the offense for which (s)he is
> charged, I have not promised, suggested or predicted a possible sentence.  I have
> specifically advised my client that sentencing is left solely within the province of the
> Court."  Id. at 8.
>
> 2.  "In my opinion, the plea of "GUILTY" offered by the Defendant of the petition
> is voluntarily and understandingly made.  I recommend that the Court accept the plea
> of "GUILTY."  Id.
>
> 3.  "I have made no predictions or promises to the Defendant concerning any
> sentence the Court may award, except as noted in the space below:  I have advised
> the defendant as to any minimum sentence required by law, and I have advised the
> defendant as to the maximum sentence possible under the applicable statute.  I have
> provided the defendant with my estimates concerning his possible sentencing
> guideline range, and my opinions concerning any possible grounds for upward or
> downward departure from the guideline range.  I have specifically advised the
> defendant, however, that sentencing is a matter exclusively within the control of the
> Court."  Id. at 8-9.

At Melcher's change of plea hearing, the Court instructed Atteberry to add the phrases

"Count one will subject me to a statutory mandatory minimum sentence of ten years," and "up to

life" in the sentencing portion of the plea petition.  The Court asked Melcher to initial the changes.

Change of Plea Hearing Transcript, Dkt. # 199, at 2-3; see also Dkt. # 137-2, at 4.  The Court also

engaged in the following relevant discussions with Melcher:

> 1.  The Court asked Melcher: "are you currently under the influence of any drug,
> medication, or alcoholic beverage of any kind?"  Melcher replied "no."  Dkt. # 199,
> at 11.
>
> 2.  The Court asked Melcher if anyone made any promise or assurance of any kind
> in an effort to induce him to plead guilty, other than those reflected in the plea
> agreement.  Melcher replied "no."  Id. at 13.

3.  The Court asked Melcher: "do you understand that the maximum sentence which may be imposed by the Court may include a term of imprisonment of not to exceed life?"  Melcher replied "yes."  Id. at 14.

4.  The Court asked Melcher: "do you understand that if you are on supervised release and you violate the conditions of supervised release, your supervised release can be revoked and you could be given additional time in prison, which, combined with time already served, might exceed the statutory maximum imprisonment of the original offense?"  Melcher replied "of life?  I can't see that."  Id. at 15-16.  Melcher acknowledged that the Court could, theoretically, revoke a term of supervised release.  Id.

5.  The Court asked Melcher: "do you understand that I will not be able to determine the sentence for your case until after the presentence report has been completed and you and the government have an opportunity to challenge the reported facts and the application of the guidelines recommended by the probation officer, and the sentence imposed may be different from any estimate Ms. Atteberry may have given you?"  Melcher replied "yes."  Id. at 18.

6.  The Court asked Melcher: "do you understand that the Court may impose any reasonable sentence, not greater than the statutory maximum of life and not less than the statutory minimum of ten years?"  Melcher replied "yes."  Id.

7.  The Court asked Melcher: "do you understand that you are reserving the right to appeal from a sentence which exceeds the statutory maximum of life?"  Melcher replied "yes."  Id. at 20-21.

8.  The Court asked Melcher:  "do you realize that if you plead guilty, the Court may impose the same punishment as if you had pled not guilty and been convicted by a jury?"  Melcher replied "yes."  Id. at 24.


On December 17, 2007, Melcher was sentenced to a term of life imprisonment followed by

a term of supervised release for five years.  Dkt. # 180.  At sentencing, Melcher moved to withdraw

his guilty plea on the basis that he took medication the evening before he pled guilty and that he did

not fully comprehend what he was doing when he entered his plea.[3] Id.; Dkt. # 198, at 3. The Court

stated that it reviewed the transcript of Melcher's change of plea hearing, and in that hearing, the

Court found that Melcher was not, based on his sworn testimony, under the influence of any drugs,

medication, or alcoholic beverage. Dkt. # 198, at 5. The Court made the following determinations

regarding Melcher's change of plea:

> The Court had ample opportunity to converse with the defendant. There is a long and detailed dialogue with the defendant. It was clear to the Court that he was in full control of his faculties. He understood everything that was taking place. He answered every question coherently and concisely, and this Court made a finding that he was fully competent and capable of entering an informed plea. There is no basis in this record for the defendant's eleventh-hour claim that he was not fully competent that day, that he had taken medication. He told me under oath that he had not.

Id. The Court asked Atteberry and Robert Trent Shores, the attorney for the United States, if they

had noted that Melcher was under the influence of any drug, medication, or alcoholic beverage at

---

[3]     Melcher alleges that "he tried to the best of his ability to make the district court aware of [sic] numerous times, and attempted to move the district court with written pleas to be allowed to withdraw his plea before sentencing." Dkt. # 209, at 8. There is no such evidence in the record. Further, this allegation is contradicted by Atteberry's affidavit. See infra.

the change of plea.  They both replied "no."  Id. at 6.  The Court denied Melcher's motion.[4]  Dkt. ## 180; 198, at 8.

Melcher appealed.  Dkt. # 186.  Atteberry filed an Anders brief and a motion to withdraw as counsel.  "Under Anders [v. California], an appellant's counsel who believes that an appeal would be 'wholly frivolous' may withdraw upon submission of a brief indicating 'anything in the record that might arguably support the appeal.'  [386 U.S. 738, 744 (1967)]  The defendant 'may then choose to submit arguments to the court.'  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005)."  Dkt. # 205, at 2.  If the appellate court concludes "after a full examination of the record . . . , that counsel has diligently investigated the possible grounds of appeal and that the appeal is frivolous, [it] will grant the motion to withdraw and dismiss the appeal."  Id. (citing Calderon and Anders).

On appeal, Melcher again argued that his guilty plea was not knowing and voluntary.  He argued that he was under the influence of drugs during the change of plea hearing, and that "he failed to receive sufficient notice of possible enhancements or his actual sentence in the Rule 11

---

[4]    The Court also deemed the United States's objection to the presentence investigation report moot.  Dkt. # 180.  The presentence report stated that Melcher attempted to intimidate and unlawfully influence witnesses and destroy or conceal evidence material to an investigation and, thus, that his conduct was inconsistent with a reduction in offense level for acceptance of responsibility.  See Dkt. # 164, at 2.  The United States objected on the basis that, in the plea agreement, it had agreed to recommend a two-level reduction in offense level and that "the Defendant did ultimately exhibit acceptance and responsibility by pleading guilty to count one of the third superseding indictment prior to trial."  Id. at 3.  However, the United States noted that this requested reduction would not change the ultimate guideline sentencing range of life imprisonment calculated by the United States Probation office, because the reduction would result in an adjusted total offense level of 44.  An offense level greater than 43 is to be treated as an offense level of 43.  Id.  The Court deemed the objection to the presentence report moot because sustaining the objection would not change the applicable guideline sentence.  Dkt. # 198, at 9.

colloquy, and because his counsel misrepresented that he would receive no more than a twenty-year

sentence if he pled guilty." Id. at 3-4.  The Tenth Circuit found that the record contradicted both of

Melcher's arguments.  Id. at 4.  The Tenth Circuit determined that Melcher's plea was knowing and

voluntary, that his sentence was not substantively unreasonable, and there was no other basis for a

challenge to the verdict or sentence.  Id. at 7.  The Tenth Circuit found that "neither Mr. Melcher

nor his counsel raise[d] any non frivolous-issues on appeal," and granted Atteberry's motion to

withdraw and dismissed Melcher's appeal.  Id. at 2.   The Tenth Circuit declined to address

Melcher's ineffective assistance of counsel claim in his direct appeal.  Id. at 7 n.1.

Melcher filed the instant motion on October 28, 2009.  Dkt. # 207, at 6-7.  He argues that his

counsel was ineffective because she misled him as to the consequences of a guilty plea.  Dkt. # 209,

at 3.  He alleges that Atteberry "promised him that he would receive a 200 month sentence for

pleading guilty."  Id. at 4.  He also alleges that she "failed to recognize and investigate" the drug

abuse "that was occurring during his detention," and "deceiv[ed] the court about [his] mental

condition in order to induce the petitioner to plead guilty."  Id. at 4, 7.  The United States argues that

Melcher's factual allegations are unsupported and contradicted by the record, and that Atteberry's

performance was neither deficient nor prejudicial.  See Dkt. # 211.

The United States included an affidavit by Atteberry with its response.  Dkt. # 211-2.

Atteberry states that "[a]t no time did Mr. Melcher exhibit any signs of being intoxicated or under

the influence of any illegal drugs.  Mr. Melcher was coherent at all times during the time that I

represented him in this matter."  Id. at 2.  She states that, while "Mr. Melcher did send me several

letters during the course of my representation including letters during the district court and appellate

process[,]  [t]he letters during the district court process did not request to withdraw his plea.  Mr.

Melcher's letter that was postmarked October 29, 2007 did not request to withdraw his plea due to him being under the influence of any alcohol and/or drugs." Id. Atteberry states that the October 29, 2007 letter contained Melcher's suggestion of his plea withdrawal to "hope for a better plea bargain that makes sense . . . ." Id. at 2-3. Further, Atteberry states that she never told Melcher he would receive a specific sentence:

> I never made any statements to Mr. Melcher that he would get a specific sentence. He and I discussed the fact that the sentence carried a maximum of LIFE. We discussed that for him to get a sentence lower than Life that [sic] he would have to give truthful and beneficial cooperation. We discussed possible sentencing ranges depending upon the type and extent of cooperation that he gave to the government. We discussed that the greater the cooperation the greater the sentence reduction could be at sentencing. No guarantees were ever submitted to Mr. Melcher by me or the government during our conversations and/or negotiations.

Id. at 2. According to Atteberry, the information Melcher provided to the United States "was not honest nor was it beneficial. Mr. Melcher tried to use the Rule 11 hearing as a means to get released from segregation as well as receive benefits that he was not eligible for due to previous incidents at the Okmulgee County Jail." Id. at 3.

**II.**

A criminal defendant may be deprived of his constitutional rights if his counsel fails to "render 'adequate legal assistance.'" Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court has outlined a two-part test for ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. The deficiency inquiry is fact-specific, and the court must determine whether "counsel's representation fell below an objective standard of reasonableness," considering all of the circumstances in a case. Id. at 688. There is a strong presumption that counsel's conduct was reasonable. Id. at 689. To show prejudice in the

9

context of a guilty plea, a defendant must show "that, but for counsel's error the defendant would have insisted upon going to trial." United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005). A court need not address both components of the inquiry if the defendant cannot make a showing on one.  Strickland, 466 U.S. at 697.

A pro se litigant's pleadings must be construed liberally.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a court need not accept as true conclusory allegations; a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Id.

**III.**

Melcher alleges that his counsel was ineffective for two reasons:  that Atteberry misled him about the consequences of a guilty plea, particularly the length of the sentence he would receive; and that Atteberry failed to investigate Melcher's drug use and misled the Court as to his mental condition.[5]

"A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993); see United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988) (finding that defendant's claim that counsel misrepresented his

---

[5]     Melcher also insists that his guilty plea was not knowing and voluntary, although he does not argue that his sentence should be vacated on this basis. Dkt. # 209, at 7-10.  Melcher already raised this claim on direct appeal, and the Tenth Circuit determined that his plea was knowing and voluntary.  Dkt. # 205, at 6.  Thus, the Court would be unable to consider any such argument in Melcher's § 2255 motion.  See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (defendant could not raise claims in a § 2255 that were already considered and disposed of on direct appeal).  Further, any such claim would be without merit, as this Court and the Tenth Circuit have already determined that Melcher's plea was knowing and voluntary, despite his repeated claims of misrepresentation of his sentence and drug use.

10

potential sentence was insufficient to show that counsel's performance was constitutionally deficient, even taking allegations as true); see also United States v. Landsaw, 206 Fed. App'x. 773, 776 (10th Cir. 2006) (unpublished)[6] ("erroneous sentencing advice does not render counsel's performance constitutionally deficient"). Thus, even assuming that Atteberry did misrepresent or mis-estimate the potential sentence that Melcher would receive if he pled guilty, this would not render her performance constitutionally deficient.[7]

Further, Melcher cannot establish prejudice from this alleged error. When a defendant enters a guilty plea pursuant to a plea agreement and plea colloquy in which he acknowledges the potential maximum sentence and that the sentence would be determined by the judge, that defendant is not prejudiced by counsel's errors in estimating a potential sentence. See Silva, 430 F.3d at 1100 (finding that defendant's acknowledgments in the plea agreement and at the colloquy that "the prosecution had declined to agree that a specific sentence was the appropriate disposition in his case, and that he faced a maximum term of twenty years imprisonment" belied his claim of prejudice from his counsel's alleged errors in predicting his sentence); Gordon, 4 F.3d at 1571 (finding that defendant could not establish prejudice because "[p]rior to accepting his guilty plea the district court explained that the court's final calculation of Defendant's sentence may differ from any calculation made by his attorney, and the court also explained that in computing Defendant's sentence, 'the court can and will consider all available information including factual data relating to any counts

---

[6]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[7]   The Court assumes, for the sake of argument, that Melcher's allegations are true. No evidentiary hearing or review of the audio recording of his sentencing hearing is necessary. Therefore, Melcher's request for an evidentiary hearing is denied.

11

dismissed or about to be dismissed'"); see also United States v. Noble, No. 09-4090, 2009 WL 3437502, at *1 (10th Cir. Oct. 27, 2009) (unpublished)[8] ("[a]ppellant pled guilty after being informed by the court that its final calculation of his sentence might differ from any calculation made by his attorney, and we found no prejudice in such circumstances") (citing Gordon, 4 F.3d at 1571).

In this case, Melcher was aware that he was subject to the statutory maximum sentence of life imprisonment.  The plea agreement and plea petition clearly stated that life imprisonment was a possible sentence.  In those two documents, Melcher acknowledged that Atteberry's calculation "is not the sentence I will receive," Dkt. # 137-2, at 3, and that "any estimation of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the maximum," Dkt. # 137-3, at 14.  At the change of plea hearing, the Court engaged in an extended discussion with Melcher in which he acknowledged that life imprisonment was a possible sentence.  In fact, Melcher raised the possibility of a sentence of life imprisonment on his own.  When the Court asked Melcher, "do you understand that if you are on supervised release and you violate the conditions of supervised release, your supervised release can be revoked and you could be given additional time in prison, which, combined with time already served, might exceed the statutory maximum imprisonment of the original offense?"  Melcher replied "of life?  I can't see that."  Dkt. # 199, at 15-16.

The Court finds that Melcher was aware that he faced a possible sentence of life imprisonment when he entered his guilty plea.  Therefore, he cannot show prejudice from

---

[8]    Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

12

Atteberry's alleged misrepresentation of his likely sentence.  Melcher has failed to show that Atteberry's performance in this regard was either deficient or prejudicial.  Therefore, this portion of his motion is denied.

Melcher also argues that his counsel was ineffective because she "failed to recognize and investigate further" his drug abuse "that was occurring during his detention" prior to his entry of a guilty plea.  This Court and the Tenth Circuit have already considered and rejected Melcher's claim that he was impaired when he entered his guilty plea.  See Dkt. ## 198, at 5; 205, at 3-4.

Melcher's assertions regarding Atteberry's conduct relating to his drug use are without factual support.  Further, they are self-contradictory.  Melcher's allegation that Atteberry knew of his drug use is contradicted by his allegation that she failed to recognize it.[9]  See Dkt. # 209, at 4. Further, as this Court and the Tenth Circuit already found, Melcher's assertion that he was impaired during his change of plea is contradicted by the record, particularly Melcher's contemporaneous sworn statements.[10]

Further, Atteberry informed the Court at sentencing that Melcher wished to withdraw his guilty plea on the basis of drug use.  The Court denied that motion because it found that Melcher was not impaired during the change of plea.  Melcher identifies no deficiency in the manner in

---

[9]     To the extent that Melcher argues that Atteberry's performance was deficient because she should have recognized that he was impaired after he informed her that he wanted to change his plea, this argument is without merit.  The Court reached the conclusion that Melcher was not impaired after observing and conversing with Melcher, and after Melcher stated under oath that he was not.

[10]    It is also contradicted by Ateberry's affidavit in which she states that "at no time did Mr. Melcher exhibit any signs of being intoxicated or under the influence of any illegal drugs. Mr Melcher was coherent at all times I represented him in this matter."  Dkt. # 211-2, at 2.

which Atteberry handled his request to withdraw his plea.[11]  The Court finds that Atteberry's

performance relating to Melcher's guilty plea and motion to withdraw was not deficient; it did not

fall below an "objective standard of reasonableness" in the circumstances of this case.  See

Strickland, 466 U.S. at 688.  Melcher's factual allegations are conclusory, contradicted by the

record, and do not show deficient performance.  Therefore, this part of Melcher's motion is denied.


**IT IS THEREFORE ORDERED** that defendant Devin Lee Melcher's pro se motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 207) is **denied**.  A separate

judgment is entered herewith.

**DATED** this 5th day of January, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[11]  Melcher's assertion that he tried to withdraw his plea prior to sentencing is utterly without factual support and is contradicted by Atteberry's affidavit.  See supra.

14